NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL THOMAS AKINS, *Appellant.*

Nos. 1 CA-CR 17-0556
1 CA-CR 17-0565
(Consolidated)
FILED 3-1-2018

---

Appeal from the Superior Court in Yavapai County
Nos. P1300CR201501035
P1300CR201700085
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Nicole T. Countryman, Attorney at Law, Phoenix
By Nicole T. Countryman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1         This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Michael Thomas Akins has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Akins was convicted of theft of means of transportation, a class three repetitive felony and unlawful flight from law enforcement, a class five repetitive felony.[1]  Akins was given an opportunity to file a *pro per* supplemental brief; he has not done so.

### FACTUAL AND PROCEDURAL HISTORY[2]

¶2         Officer McGinnis was patrolling in his fully-marked patrol car on November 17, 2016, when he saw Akins driving a motorcycle that did not have a license plate.  Officer McGinnis had been looking for Akins regarding another matter and was able to identify Akins because Akins was not wearing a helmet.  Officer McGinnis noticed the motorcycle was a newer motorcycle that had been spray-painted black.  He began to follow Akins, activating his emergency lights and siren.  Akins accelerated away from Officer McGinnis.

¶3         Officer McGinnis followed Akins and saw a skid mark on the side of the road leading to a wash and some brush, and Officer McGinnis exited his vehicle to investigate.  A few seconds later, Akins came out of the

---

[1]      Akins committed the two offenses in this case while on probation for shoplifting, a class four felony.  The court revoked Akins' probation during these proceedings, but that revocation is not part of this appeal.

[2]      We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Appellant.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

brush and Officer McGinnis told him to stop. Akins looked at the officer, then turned around and ran back into the brush. Officer McGinnis sent out an attempt-to-locate on Akins, then found the motorcycle in the brush. He noted the motorcycle had no license plate, was painted black in a manner that struck him as suspicious, had its wiring harness on the ignition cut, and had wiring nuts holding the wires together. He then checked the motorcycle's vehicle identification number and ascertained that it was stolen.

**¶4**        At trial, the motorcycle's owner said he had not given anyone permission to use his motorcycle, including Akins. The jury found Akins guilty on both counts.

**¶5**        The trial court conducted the sentencing hearing in compliance with Akins' constitutional rights and Arizona Rule of Criminal Procedure 26. Akins admitted to the aggravating factors of prior convictions and committing the offense while on probation. The court sentenced Akins to the presumptive sentence of 11.25 years for theft of means of transportation and 5 years for unlawful flight from law enforcement, with both sentences to run concurrently with each other and no presentence incarceration credit.[3] The court also ordered Akins to pay several fees[4] and $1,370.24 in restitution to the motorcycle's owner.

**¶6**        Akins timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶7**        We review Akins' convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Akins has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Akins at all stages of the

---

[3]        Akins received presentence incarceration credit for the sentence resulting from his violation of probation in the prior shoplifting matter.

[4]        $20 probation surcharge, $13 criminal assessment, $25 public defender fee, and the balance from Akins' probation case.

proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Akins' convictions and sentences.

¶8 Upon the filing of this decision, defense counsel shall inform Akins of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Akins shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶9 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA